MARK SHUBERT            *       **NO. 2024-CA-0686**

VERSUS                  *       **COURT OF APPEAL**

CITY OF NEW ORLEANS       *       **FOURTH CIRCUIT**

                                       *       **STATE OF LOUISIANA**

                                       *

                                       *

                **\* \* \* \* \* \* \***

**LOBRANO, J., CONCURS AND ASSIGNS REASONS**

I concur in the result reached by the majority but write separately to express my disagreement with the reasoning set forth in the section regarding "Modification of TTD Benefits." In my view, the opinion conflates two distinct legal issues: the criteria for converting benefits from Temporary Total Disability (TTD) to Supplemental Earnings Benefits (SEB), and the factual predicate required to establish earning capacity for purposes of adjusting SEB amounts.

The central inquiry in determining the propriety of converting TTD to SEB is whether the claimant's physical condition has improved such that a reasonably reliable assessment of disability can be made and whether continued, regular treatment by a physician is still required under La. R.S. 23:1221(1)(d). The discussion in the opinion, however, dwells extensively on the adequacy of vocational rehabilitation efforts, which is an analysis that more properly pertains to the establishment of earning capacity under La. R.S. 23:1221(3)(c)(i), the standard for reducing SEB, not converting TTD.

By focusing on the limitations of the vocational counselor's job search efforts and employer follow-up, the opinion appears to justify continued TTD not on the statutory medical criteria, but rather on the failure to establish suitable employment, which is an issue germane only after TTD ceases and SEB begins.

1

This blurring of doctrinal boundaries risks creating confusion in future litigation and misstates the legal test for conversion.

Nonetheless, I agree that the workers' compensation judge had a reasonable basis for finding that Mr. Shubert was still undergoing regular and continuous treatment with his physician between 2019 and 2021. This medical evidence, independently of vocational factors, supports a finding of continued eligibility for TTD benefits under the manifest error standard. For that reason, I concur in affirming the result.